## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of** | **101 West Lombard Street** |
| **Douglas R. Miller** | **Baltimore, Maryland 21201** |
| **United States Magistrate Judge** | **MDD_DRMChambers@mdd.uscourts.gov** |
| | **(410) 962-7770** |

March 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Ronald B. v. Frank Bisignano, Acting Commissioner, Social Security Administration*[1]
          Civil No. 24-3751-DRM

Dear Counsel:

On December 27, 2024, Plaintiff Ronald B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 9, 12, 14. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

### I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on February 6, 2018, alleging a disability onset of September 13, 2015, which was later amended to January 13, 2019. Tr. 10. Plaintiff's claims were denied initially on August 10, 2018 and on reconsideration on April 18, 2019. Tr. 10.  On May 7, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 10. Following the hearing, on July 22, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7.  On November 17, 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1. Plaintiff appealed to this Court and the case was remanded for further review. Tr. 453. On August 27, 2024, the ALJ held a second telephone conference and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 467. The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530

---

[1] Plaintiff filed this case against Carolyn Colvin, the Acting Commissioner of Social Security on December 27, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Ronald B. v. Frank Bisignano*
Civil No. 24-3751-DRM
March 4, 2026
Page 2

U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Having exhausted all administrative remedies, Plaintiff once again appeals to this Court for judicial review.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 13, 2019, the amended alleged onset date." Tr. 456. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, schizoaffective disorder, posttraumatic stress disorder, substance abuse disorder, anxiety disorder, depressive disorder. Tr. 456. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 457. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 CFR 416.967(c) except he can frequently climb ladders, ropes, scaffolds, ramps and stairs. He can frequently balance, stoop, crouch, kneel and crawl. He can perform low-stress jobs, defined as those having only occasional decision making required and only occasion[al] changes in the work setting. He can occasionally interact with the public and with co-workers.

Tr. 459. The ALJ determined that Plaintiff had no past relevant work. Tr. 466. The ALJ also determined that the claimant could perform jobs that existed in significant numbers in the national economy, such as line service attendant, store laborer, and kitchen helper. Tr. 466-467. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 467.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept

*Ronald B. v. Frank Bisignano*
Civil No. 24-3751-DRM
March 4, 2026
Page 3

as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ concluded he could perform medium work without a proper function-by-function analysis. ECF No. 5 at 11. Plaintiff emphasizes evidence of lumbar degenerative disc disease, chronic pain, and mental impairments, along with treating opinions indicating significant limitations, absenteeism, and off-task behavior, which he says are incompatible with medium work. *Id.* at 6. Plaintiff also argues that the ALJ improperly rejected or discounted all medical opinions, particularly Dr. Santosh Raiker's physical assessment, without adequately addressing supportability and consistency, requiring remand. *Id.* at 9.

In response, the Commissioner argues that substantial evidence supports the ALJ's RFC findings. ECF No. 14. According to the Commissioner, the ALJ provided a detailed narrative discussion tying largely benign and conservative physical findings, normal gait and examinations, consultative exam results, and daily activities to a limited range of medium work with additional postural and mental restrictions. *Id.* at 11. The Commissioner maintains that the ALJ properly evaluated opinion evidence under 20 C.F.R. § 416.920c, reasonably finding the treating opinions unpersuasive, including Dr. Raiker's, due to minimal support and inconsistency with the broader record, while partially crediting Disability Determination Services consultants and incorporating greater mental limitations than they proposed. *Id.* at 11. The Commissioner further argues that the ALJ appropriately considered, but was not bound by, the prior light-work finding given new evidence. *Id.* The Commissioner urges the Court to affirm and reject Plaintiff's request to reweigh the evidence, emphasizing the deferential substantial-evidence standard. *Id.* at 14.

When evaluating medical opinions in claims filed on or after March 27, 2017[2], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).

---

[2] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017)*.*

*Ronald B. v. Frank Bisignano*
Civil No. 24-3751-DRM
March 4, 2026
Page 4

Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies— that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

The relevant regulation defines supportability as follows:

*Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)). This Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). The consistency factor is an outward facing inquiry, looking at whether the medical opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D. S. C. Dec. 8, 2023). This Court has made clear that an analysis of the consistency of an opinion with other opinions from the same provider and the rest of the record is not sufficient to constitute a supportability analysis. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4–5 (D. Md. May 5, 2023) (finding that analysis of inconsistency between two opinions of one medical source was insufficient to assess supportability). The ALJ must assess the relevance of "the objective medical evidence and supporting explanations presented by a medical source" to the ultimate finding advanced by that medical expert. 20 C.F.R. § 404.1520c(c)(1).

The ALJ provided the following analysis of Dr. Raiker's opinion:

In February 2020, Santosh Raiker, M.D., a medical provider at Jai, opined that the claimant would not be able to be on his feet for 6 hours or lift objects up to 20 pounds frequently in an 8-hour workday and would need to lay down for 5-6 hours in

*Ronald B. v. Frank Bisignano*
Civil No. 24-3751-DRM
March 4, 2026
Page 5

a regular 8-hour day. He also opined that the claimant would be absent from work for a minimum of 30 days out of a work year, offtask for 20 percent of the workday, and that symptoms would cause substantial restrictions in his capacity for sustained mental alertness, concentration, and persistence in carrying out simple job duties in a competitive work environment over a regular 8-hour workday (B11F). This opinion is unpersuasive because Dr. Raiker only provided minimal support and the limitations are inconsistent with other evidence. These restrictive limitations are inconsistent with Jai records that reflect generally benign and unremarkable physical examinations (B13F). More recently, physical exam findings noted some lumbar spine issues at times but were generally unremarkable (see B16F/21, B17F/11-12, 37, 234, 335, 359, B19F/176, 195, B20F/42, e.g.). The Jai record and the other medical records do not support these restrictive limitations. The claimant also displayed good memory and concentration at his consultative exams (B6F, B7F), which is inconsistent with finding he would be off task or lack the ability to perform simple job duties.

Tr. 464.

Remand is required because the ALJ did not adequately articulate her analysis under the supportability factor of 20 C.F.R. § 416.920c(c)(1). Specifically, the ALJ did not analyze the objective medical findings, clinical observations, or explanations provided by Dr. Raiker in support of his opinion. Nor did the ALJ adequately discuss whether Dr. Raiker's own treatment notes or diagnostic findings supported or undermined the limitations he assessed. The ALJ broadly summarizes exhibits spanning over 100 pages of Jai records by stating merely that the records "reflect generally benign and unremarkable physical examinations," Tr. 464 (citing Ex. B13F); or "noted some lumbar spine issues at times but were generally unremarkable," *id.* (citing Ex. B16F & Ex. B20F). The analysis does not adequately identify specific elements of the Jai records that are unsupportive of, or inconsistent with Dr. Raiker's opinions. This cursory analysis does not build a logical bridge between the evidence and the ALJ's conclusions and frustrates meaningful judicial review.

On remand, the ALJ should explicitly assess the supportability of Dr. Raiker's medical source statement pursuant to 20 C.F.R. § 404.1520c(c)(1). Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.   **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Ronald B. v. Frank Bisignano*
Civil No. 24-3751-DRM
March 4, 2026
Page 6

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge